910 So.2d 887 (2005)
Hesh MAYERSDORF and Melissa Mayersdorf, Appellants,
v.
PARAMOUNT BOYNTON, L.L.C., a Florida limited liability company, Appellee.
No. 4D04-1842.
District Court of Appeal of Florida, Fourth District.
August 31, 2005.
Rehearing Denied September 26, 2005.
James D. Ryan and Lauren J. Schindler of Ryan & Ryan, P.A., North Palm Beach, for appellants.
Robert Rivas, Spencer M. Sax and Ronna Friedman Young of Sachs Sax Klein, Boca Raton, for appellee.
Katherine E. Giddings, Frederick R. Dudley and James E. Joanos of Akerman, Senterfitt, and Keith C. Hetrick, General Counsel, Florida Home Builders Association, Tallahassee, for Amicus Curiae Florida Home Builders Association.
SHAHOOD, J.
This case involves the interpretation of two provisions of the Interstate Land Sales Full Disclosure Act (the Act), 15 U.S.C. § 1701, et seq., which imposes certain obligations on developers of residential subdivisions in the interest of consumer protection. The purchasers in this case sought to revoke a purchase and sale agreement and have their deposits refunded *888 due to the developer's alleged non-compliance with section 1703. The developer claimed exemption from the Act, specifically, the disclosure and registration requirements, and moved for summary judgment on the issue of whether the transaction was subject to the Act. The trial court granted summary judgment. We affirm.
Section 1703 imposes upon developers who are selling or leasing lots various registration and disclosure requirements. Purchasers are allowed seven days to revoke a contract, which is "not exempt under section 1702," due to a developer's non-compliance. See 15 U.S.C. § 1703(b). In some cases, a purchaser may revoke a contract, which is "not exempt under section 1702," within two years. See 15 U.S.C. § 1703(d).
Section 1702(a) allows exemptions from the "the provisions of this chapter" in circumstances which are delineated in that section. See 15 U.S.C. § 1702(a). Section 1702(b), titled "[s]ale or lease of lots subject to other statutory registration and disclosure requirements," states, "the provisions requiring registration and disclosure (as specified in section 1703(a)(1) of this title and sections 1704 through 1707 of this title)" shall not apply to "the sale or lease of lots in a subdivision containing fewer than one hundred lots which are not exempt under subsection (a) of this section." Id. It is undisputed that the subdivision in this case contains fewer than 100 lots and falls within the exemption provided in section 1702(b).
The purchasers sought to revoke the contract under sections 1703(b) and 1703(d). Subsection (b) states the following:
Any contract or agreement for the sale or lease of a lot not exempt under section 1702 of this title may be revoked at the option of the purchaser or lessee until midnight of the seventh day following the signing of such contract or agreement or until such later time as may be required ... and such contract or agreement shall clearly provide this right.
15 U.S.C. § 1703(b) (emphasis added). Subsection (d) authorizes a purchaser to revoke a contract, which does not provide certain disclosures and which is "not exempt under section 1702 of this title," within two years. See 15 U.S.C. § 1703(d).
The purchasers take the position that the only exemption to which the developer is entitled is exemption from section 1703(a) because, according to them, the "fewer than one hundred lots" exemption under section 1702(b)(1) is expressly limited to exemption from "the provisions requiring registration and disclosure (as specified in section 1703(a)(1)....)" The purchasers argue that, based on this language, the developer is not entitled to exemption from subsections (b) and (d) of section 1703; therefore, the purchasers are entitled to revoke the contract.
We do not agree with the purchasers' overly narrow interpretation of the word "exempt." Clearly, the sale in this case falls under the "100-lot" exemption allowed in section 1702(b)(1). Thus, because both sections 1703(b) and (d) expressly apply only to those contracts which are "not exempt under section 1702," those sections do not apply to this contract because it is exempt under section 1702. We, therefore, affirm the trial court's grant of summary judgment.
Affirmed.
STEVENSON, C.J., and GROSS, J., concur.