Anna Marie **BARTLEY,**
**et al., Plaintiffs,**

v.

**MERRIFIELD TOWN CENTER**
**LIMITED PARTNERSHIP,**
Defendant.

**Action No. 1:08cv145.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 30, 2008.

Alexander Laufer, Eisenhower Laufer & Tarby PC, Fairfax, VA, for Plaintiffs.

Edward W. Cameron, John Patrick Sherry, Odin Feldman & Pittleman PC, Fairfax, VA, for Defendant.

### *MEMORANDUM ORDER*

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on Defendant Merrifield Town Center Limited Partnership's Motion to Dismiss or, Alternatively, Motion to Drop Parties and/or to Sever Claims. This case involves the Plaintiffs's attempt to rescind their respective purchase agreements for residential condominium units in a new condominium development in Falls Church, Virginia. Four issues exist before the Court. First, whether Plaintiffs have stated a claim under the Interstate Land Sales Full Disclosure Act ("ILSFDA") upon which relief may be granted where Defendant Merrifield Town Center is exempt from the ILSFDA's disclosure requirements under the 100 Lot Exemption provision. Second, whether Plaintiffs have stated a claim un-

der the Virginia Condominium Act upon which relief may be granted where disposition has yet to occur and Plaintiffs have failed to allege whether the purported material change in Defendant Merrifield's public offering statement adversely affected the Plaintiffs's bargains. Third, whether Plaintiffs have sufficiently stated a claim for common law rescission. Fourth, whether the joinder of parties and claims in this action is improper. The Court grants Defendant Merrifield's Motion to Dismiss with respect to Plaintiffs's claim under the ILSFDA because Merrifield is exempt from the ILSFDA's general disclosure requirements pursuant to the Act's 100 Lot Exemption and the specific disclosure requirements of Section 1703(d) of the Act fall within the scope of the 100 Lot Exemption. The Court grants Defendant Merrifield's Motion to Dismiss with respect to Plaintiffs's claim under the Virginia Condominium Act because disposition has yet to occur and Plaintiffs failed to aver that the alleged material change in Merrifield's public offering statement adversely effected each plaintiff's bargain. The Court grants Defendant Merrifield's Motion to Dismiss with respect to Plaintiffs's common law rescission claim because the purchase agreements contain mutuality of obligation, Plaintiffs have provided no authority that the inclusion of a liquidated damages clause and an option to pursue action damages clause in the same provision renders the purchase agreements unenforceable, and Plaintiffs have cited no authority for their argument that the purchase agreements contain an implicit contingency that the condominium units appraise at their contract price. Finally, the Court denies Defendant Merrifield's alternative Motion to Drop Parties and/or to Server Claims as moot.

## I. BACKGROUND

Eight plaintiffs have joined together to initiate this action against Defendant Mer-

rifield in an attempt to rescind their respective purchase agreements, executed in June and July 2005, for condominium units in a newly developed condominium complex in Falls Church, Virginia. At the time Plaintiffs entered into the purchase agreements, the condominium units were still under construction and delivery was estimated to occur within thirty-six months of the ratification date of the purchase agreements. In June 2006 some of the eight plaintiffs executed an amendment to their respective purchase agreements memorializing their color and upgrade selections. Included in the amendment was a provision changing the "Agreement Ratification Date." In the intervening months, our economy is in a tailspin, the real estate market softened, there is a surplus of available condominiums, and Plaintiffs assert, without objection from Defendant Merrifield, that the Merrifield condominium units have declined in value by at least twenty percent (20%) since Plaintiffs first executed their respective purchase agreements. Plaintiffs are now seeking to avoid their bargains by invoking the disclosure provisions of two consumer protection statutes, the Interstate Land Sales Full Disclosure Act and the Virginia Condominium Act, as well as the common law principles of rescission. Defendant Merrifield seeks to dismiss Plaintiffs's action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Alternatively, Defendant Merrifield moves the Court to drop or sever parties and/or claims.

## II. DISCUSSION

### A. Standard of Review

A Federal Rule of Civil Procedure 12(b)(6) motion should be granted unless an adequately stated claim is "supported by showing any set of facts consistent with the allegations in the complaint." *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007); *see* FED.R.CIV.P. 12(b)(6). In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). In addition to the complaint, the court may also examine "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007). Conclusory allegations regarding the legal effect of the facts alleged need not be accepted. *See Labram v. Havel,* 43 F.3d 918, 921 (4th Cir.1995). Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendant to prepare a fair response. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

## B. Analysis

### 1. The Interstate Land Sales Full Disclosure Act

The Court grants Merrifield's Motion to Dismiss with respect to Plaintiffs's claim under the ILSFDA because Merrifield is exempt from the ILSFDA's general disclosure requirements pursuant to the Act's 100 Lot Exemption and the specific disclosure requirements of Section 1703(d) of the Act also fall within the scope of the 100 Lot Exemption.

Enacted in 1968 as part of a comprehensive housing statute the Interstate Land Sales Full Disclosure Act is a consumer protection statute designed to prohibit and punish fraud in land development enter-prises. *McCown v. Heidler,* 527 F.2d 204, 207 (10th Cir.1975); Public Law 90–488, 82 Stat. 476. To ensure consumers are protected from fraudulent land sales, ILSFDA requires developers to inform buyers, prior to the purchase of subdivision lots, of facts which would enable a reasonably prudent individual to make an informed decision about purchasing the property. *Paquin v. Four Seasons of Tenn., Inc.,* 519 F.2d 1105, 1109 (5th Cir.1975). Failure to comply with ILSFDA's requirements triggers the Act's revocation provisions.

Specifically, ILSFDA requires developers to register subdivisions with the Department of Housing and Urban Development ("HUD") by filing a statement of record. 15 U.S.C. § 1704. The statement of record must contain numerous disclosures, including the identification of interested persons, a legal description of the entire property, the condition of title, the price of the lots being sold, and a description of the access, nuisances, utilities, consequences of any encumbrances, and liens. 15 U.S.C. § 1705. Developers are also required to attach several documents to the statement of record, including the articles of incorporation, the deed, and forms of conveyance. *Id.* ILSFDA prohibits developers from selling or leasing lots or units within the subdivision unless a statement of record is on file with HUD and a printed property report is furnished to the buyer. 15 U.S.C. § 1703(a)(1). The property report must contain the information disclosed in the statement of record. 15 U.S.C. § 1707. In addition to the general disclosures contained in the property report, ILSFDA requires developers to provide buyers with a specific description of the lot being purchased and to inform them of the consequences and remedies of default by either the buyer or the seller. 15 U.S.C. § 1703(d). A buyer may revoke a purchase agreement within two years of the agreement's execution if the developer

fails to provide the buyer with these additional specific disclosures in advance of execution. 15 U.S.C. § 1703(c)-(d). A buyer may bring an action at law or in equity against a developer to enforce his or her rights under the ILSFDA, and courts may order damages and other equitable relief, in addition to revoking the purchase agreement if a developer is found to be in default of its responsibilities under the Act. 15 U.S.C. § 1709.

Several exceptions to these disclosure requirements exist. *See generally* 15 U.S.C. § 1702. Section 1702(b) provides that,

> the provisions requiring registration and disclosure (as specified in section 1703(a)(1) of this title and sections 1704 through 1707 of this title) shall not apply to—(1) the sale or lease of lots in a subdivision containing fewer than one hundred lots which are not exempt under subsection (a) of this section;....

15 U.S.C. § 1702(b).

■ It is undisputed that Merrifield invoked the 100 Lot Exemption by selling 97 units with delivery dates 36 months from the date the buyers ratified their respective purchase agreements. Plaintiffs contend, however, that invocation of the 100 Lot Exemption does not relieve Merrifield of its obligation to provide the specific disclosures required by Section 1703(d) because the 100 Lot Exemption specifically enumerates the applicable statutory provisions and, given that Section 1703(d) is not listed among those enumerated provisions, the disclosures mandated by Section 1703(d) fall outside the scope of the exemption. In support of their position, Plaintiffs cite to three cases from the Southern District of Florida. (*See* Pls.'s Mem. Supp. 6). In *Pugliese v. Pukka Dev., Inc.,* a magistrate judge held that a developer who was exempt from ILSFDA's general registration and disclosure requirements was nevertheless required to provide the specific disclosures mandated in Section 1703(d) because, in its view, Section 1702(b)'s enumeration of specific disclosure provisions should not be altered by an all-inclusive reading of Section 1703(d)'s exemption reference. 524 F.Supp.2d 1370, 1373 (S.D.Fla.2007). To do so, would, in the magistrate judge's view, disserve the Act's remedial purpose of protecting consumers. *Id.* The district court affirmed *Pugliese* in *Meridian Ventures, LLC v. One North Ocean, LLC,* 538 F.Supp.2d 1359 (S.D.Fla.2007), and reaffirmed its position in *Trotta v. Lighthouse Point Land Co., LLC,* 551 F.Supp.2d 1359 (S.D.Fla.2008).

■ The Court is unpersuaded by Plaintiffs's reliance on this trilogy of cases from the Southern District of Florida because the Florida court's holdings effectively render the exemptions in Section 1702 meaningless. Section 1703(d) provides, in relevant part, "Any contract or agreement which is for the sale or lease of a lot *not exempt under section 1702 of this title* ... may be revoked at the option of the purchaser or lessee for two years from the date of the signing...." 15 U.S.C. § 1703(d) (emphasis added). The plain language of Section 1703(d) does not distinguish between the exemptions enumerated in Section 1702(a) and the exemptions enumerated in Section 1702(b), despite the absence of any reference to particular disclosure provisions in Section 1702(a). Congress's failure to distinguish between the two subsections demonstrates its intent that Section 1703(d) apply to all exemptions set forth in Section 1702, including the exemptions contained subsection(b). To hold otherwise would contradict the plain and unambiguous language of Section 1703(d), and would undermine Congress's manifested intent that developers exempt under *any* provision of Section 1702 be free from the specific disclosure obligations of Section 1703(d). The Court

may not disregard such congressional intent in the face of plain and unambiguous language. *See In re Subpoena Duces Tecum to AOL, LLC,* 550 F.Supp.2d 606, 609 (E.D.Va.2008) (noting that when the words of a statute are clear and unambiguous, the court's inquiry into the interpretation of the statute ends and the statutory language is regarded as conclusive). *See also Discover Bank v. Vaden,* 396 F.3d 366, 369 (4th Cir.2005)(where statutory text is plain and unambiguous, the court's only duty is to enforce the statute according to its terms).

■ Plaintiffs also allege in their Amended Complaint that Merrifield has engaged in a series of deceptive acts or practices, including requiring some of the plaintiffs to execute a color/option selection amendment, which was buried in a provision purporting to amend the agreement ratification date as a means of extending the promised delivery date, as well as informing purchasers who have failed to sign an amendment that their mere receipt of the amendment obligates them to its terms. (Am. Compl. ¶¶ 6, 24.) Defendant Merrifield asserts in its memorandum supporting its Motion to Dismiss that the amended color/option agreements do not constitute a deceptive practice because the Plaintiffs were free to refuse to sign them and the language amending the ratification date was placed above the signature line. Plaintiffs do not address this argument, or otherwise mention their deceptive practice allegation, in their memorandum in opposition to Merrifield's motion. Thus, Plaintiffs have abandoned their deceptive practices argument.

■] Alternatively, Plaintiffs's allegations regarding deceptive practices are in-

sufficient to sustain their claim under ILSFDA. Plaintiffs allegation that Merrifield required them to execute the amended color/option agreement in order to extend the ratification date of the purchase agreements has no bearing on Merrifield's ability to evade the requirements of ILSFDA because the 100 Lot Exemption does not cap or otherwise limit the date of delivery, unlike the two year exemption found in Section 1702(a). *See* 15 U.S.C. § 1702(b). Further, by amending the ratification date of the purchase agreements, the execution of the color/option agreement extends the Plaintiffs's rights under the ILSFDA by restarting the clock on the Act's revocation remedies. This extension of time benefits Plaintiffs, not Merrifield, as Plaintiffs's potential right of revocation would have otherwise expired in June and July of 2007—a full six months before Plaintiffs initiated this lawsuit. Accordingly, the Court grants Merrifield's Motion to Dismiss Plaintiffs's claim under the ILSFDA.

*2. The Virginia Condominium Act*

The Court grants Merrifield's Motion to Dismiss Plaintiffs's declaratory judgment claim under the Virginia Condominium Act because disposition has yet to occur and Plaintiffs failed to assert that the alleged material change in Merrifield's public offering statement adversely effected each plaintiff's bargain.

In Count II of Plaintiffs's Amended Complaint, Plaintiffs seek a declaration that their respective purchase agreements are void or voidable under Virginia's Condominium Act or that they have the right to rescind the agreements. Plaintiffs allege that Merrifield violated Virginia Code § 55–79.88(2) [1] of the Virginia Condomini-

---

**1.** Virginia Code § 55–79.88(2) provides in relevant part:

No declarant may dispose of any interest in a condominium unit unless he delivers to the purchaser a current public offering statement by the time of such disposition and such disposition is expressly and without qualification or condition subject to cancellation by the purchaser within ten calendar days from the contract date of the

um Act by failing to provide them with a current and recorded public offering statement[2] at the time they executed their respective purchase agreements and subsequent amendments to the purchase agreements. Plaintiffs contend the public offering statement provided by Merrifield at the time they signed their respective public agreements and amendments was not current because it identified Phase 2 of the condominium project and contained a common element table, which, Plaintiffs assert, represents a material change from the developer's recorded Declaration.

 As an initial matter, Merrifield argues that Plaintiffs claim under Virginia's Condominium Act is based on past conduct and thus, is not appropriate for declaratory relief. Merrifield urges the Court to exercise its discretion and refuse to grant declaratory relief. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that district courts "may declare the rights and other legal relations of any interested party seeking such declaration[.]" *United Capitol Ins. Co. v. Kapiloff,* 155 F.3d 488, 493 (4th Cir.1998) (citing 28 U.S.C. § 2201(a)). "This power has consistently been considered discretionary." *Centennial Life Ins. Co. v. Poston,* 88 F.3d 255, 256 (4th Cir.1996). Thus, "district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *Aetna Cas. & Sur. Co. v. Quarles,* 92 F.2d 321, 322 (4th Cir.1937). That said, it is well established in the Fourth Circuit that a

declaratory judgment is appropriate " 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and ... when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' " *Centennial Life Ins. Co.,* 88 F.3d at 256 (quoting *Aetna Cas. & Sur. Co.,* 92 F.2d at 325).

Although the alleged conduct at issue prompting Plaintiffs's attempt to rescind their respective purchase agreements occurred in the past, rescission, the ultimate remedy Plaintiffs seek, has not yet occurred. A declaratory judgment will serve a useful purpose in clarifying and settling the issue of rescission under the Virginia Condominium Act.

 Merrifield next argues that Plaintiffs have failed to state a claim under the Virginia Condominium Act because the Act does not require the developer to provide a current public offering statement until "disposition" of the unit. "Disposition" is defined by the Act as "any voluntary transfer of a legal or equitable interest in a condominium unit to a purchaser...." Va. Code § 55–79.41. The purchase agreements at issue expressly provide that "[e]quitable title shall remain vested in [Merrifield] until delivery of the deed." (Pls.' Mem. Opp'n Ex. C ¶ 18.) None of the plaintiffs have accepted delivery of the deed to their respective condominium units. Consequently, disposition has not yet occurred and Merrifield is not required

---

disposition, or delivery of the current public offering statement, whichever is later.
Va.Code Ann. § 55–79.88(2) (2003).

**2.** A public offering statement contains disclosures similar to those required under the Interstate Land Sales Full Disclosure Act. The Virginia Condominium Act requires a condominium seller to include the following in a public offering statement: a description of the condominium, a statement of the total number of units, copies of the declaration and bylaws, copies of any management contracts, a description of the status of construction, a description of the significant terms of any encumbrances, easements, liens and matters of title, a description of any significant terms of financing, provisions of any warranties, and a statement that the buyer may cancel the purchase agreement within 10 days of delivery of a current public offering statement. Va.Code Ann. § 55–79.90 (2003).

to provide a current public offering statement under Virginia's Condominium Act.[3]

■ Further, the Court notes that while Plaintiffs allege that Merrifield's public offering statement contained a material change justifying the invocation of the Act's 10 day rescission provision, Plaintiffs do not allege that the purported material change adversely affected their respective bargains. Plaintiffs are correct in their assertion that a public offering statement is current so long as no material change occurs. 18 Va. Admin. Code § 135–30–690(A). However, a buyer's 10–day rescission right afforded by Virginia Code § 55–79.88 is renewed when a public offering statement is amended if the amendment is material *and* the amendment adversely affects the buyer's bargain. 18 Va. Admin. Code § 135–30–690(D). As Plaintiffs do not allege that Merrifield's purported material change to the public offering statement adversely affected their respective bargains, Plaintiffs have failed to state a claim upon which relief may be granted. Accordingly, Merrifield's Motion to Dismiss with respect to Count II of Plaintiffs's Amended Complaint is granted.

### 3. Common Law Rescission

The Court grants Merrifield's Motion to Dismiss Count III of Plaintiffs's Amended Complaint because the purchase agreements contain mutuality of obligation, Plaintiffs have provided no authority to support their argument that the inclusion of a liquidated damages clause and an option to pursue action damages clause in the same contractual provision renders the entire purchase agreement unenforceable, and Plaintiffs have cited no authority in support of their claim that the purchase agreements contain an implicit contingency that the property appraise at its contract price at the time of disposition.

■■ Plaintiffs first allege in their Amended Complaint that there is an absence of mutuality of remedy because Paragraph 31(b) of the purchase agreements waives Plaintiffs's right to seek specific performance. Under Virginia law, when two parties have exchanged promises as consideration, each must be bound to do or refrain from doing something. *See C.G. Blake Co. v. W.R. Smith & Son,* 147 Va. 960, 133 S.E. 685, 688 (1926). Thus, "[i]f it appears that one party was never bound on its part to do the acts which form the consideration for the promise of the other, there is a lack of mutuality of obligation and the other party is not bound." *Busman v. Beeren & Barry Invs., LLC,* 69 Va. Cir. 375 (2005).

■ Paragraph 31 of Plaintiffs's purchase agreements address default. Subsection (a) of the agreements provides that in circumstances where the buyer defaults or otherwise breaches the purchase agreement, Merrifield will retain all deposits as liquidated damages and may pursue additional legal or equitable remedies. (Pls. Mem. Opp'n Ex. C). Subsection (b) provides that in circumstances where Merrifield defaults or otherwise breaches the purchase agreement, the buyer's "sole remedy" is recovery of his or her deposits with interest. Subsection (b) also provides that "IN NO EVENT WILL [MERRIFIELD] BE LIABLE FOR CONSEQUENTIAL DAMAGES, DAMAGES BASED UPON ANY INCREASED VALUE OF THE UNIT, OR DAMAGES FOR DELAYS...." (*Id.*)

Although subsection (b) limits the scope of the legal and equitable remedies the buyer may pursue in the wake of Merrifield's default or breach of the purchase agreement, it does not foreclose the equi-

---

**3.** The Court also notes that Plaintiffs do not rebut Merrifield's argument in their memo-randum in opposition; thus, the Court finds that Plaintiffs have conceded the argument.

table remedy of specific performance. The emphasized language in subsection (b) qualifies the "sole remedy" by expressly precluding monetary damages beyond recovery of deposit monies plus interest. This qualification renders subsection (b) silent as to available equitable remedies and thus, does not preclude the buyer from pursuing the equitable remedy of specific performance. The slight discrepancy in available remedies between the two parties does not amount to a lack of mutuality. Both the buyers and Merrifield remain bound by the terms of the purchase agreements.

█ Plaintiffs next allege that they are entitled to rescind their respective purchase agreements because the inclusion of a liquidated damages clause in the same provision with an option to pursue additional damages renders their respective purchase agreements unenforceable. In support of their argument, Plaintiffs assert that, twenty years ago, the Virginia Supreme Court contemplated such an outcome in dictum in its ruling in *Taylor v. Sanders*, 233 Va. 73, 75, 353 S.E.2d 745 (1987). The Court finds Plaintiffs's argument and purported authority unpersuasive.

█ Lastly, Plaintiffs allege that their respective purchase agreements contain an implicit requirement that the condominium units appraise at their full contract price at the time of disposition. However, Plaintiffs fail to identify which specific provision in the purchase agreements such an implicit requirement may be found. Further, Plaintiffs cite no authority in support of their arguments that such an implicit requirement exists and that noncompliance renders the purchase agreements unenforceable. Accordingly, Plaintiffs have not stated a claim upon which relief may be granted with respect to Count III of their Amended Complaint; Merrifield's Motion to Dismiss is granted.

## 4. Alternative Motion to Drop and/or Sever Claims

Having granted Merrifield's Motion to Dismiss, Merrifield's Alternative Motion to Drop/Sever Parties is moot.

## III. Conclusion

The Court grants Defendant Merrifield Town Center Limited Partnership's Motion to Dismiss with respect to Plaintiffs's claim under the Interstate Land Sales Full Disclosure Act because Merrifield is exempt from the ILSFDA's general disclosure requirements pursuant to the Act's 100 Lot Exemption and the specific disclosure requirements of Section 1703(d) of the Act fall within the scope of the 100 Lot Exemption. The Court grants Merrifield's Motion to Dismiss with respect to Plaintiffs's claim under the Virginia Condominium Act because disposition has yet to occur and Plaintiffs failed to aver that the alleged material change in Merrifield's public offering statement adversely effected each plaintiffs's bargain. The Court grants Defendant Merrifield's Motion to Dismiss with respect to Plaintiffs's common law rescission claim because the purchase agreements contain mutuality of obligation, Plaintiffs have provided no persuasive authority that the inclusion of a liquidated damages clause and an option to pursue action damages clause in the same contractual provision renders the purchase agreements unenforceable, and Plaintiffs have cited no authority to support their argument that the purchase agreements contain an implicit contingency that the condominium units appraise at their contract price. Finally, the Court denies Merrifield's Alternative Motion to Drop Parties and/or to Sever Claims as moot.

From the foregoing, it is hereby

ORDERED that Defendant Merrifield Town Center Limited Partnership's Mo-

504

tion to Dismiss is GRANTED. It is further

ORDERED that Defendant Merrifield Town Center Limited Partnership's Alternative Motion to Drop Parties and/or to Sever Claims is DENIED as moot.

The Clerk is directed to forward a copy of this Order to Counsel.