Zhou Jie PLANT, et al., Plaintiffs,

v.

MERRIFIELD TOWN CENTER
LIMITED PARTNERSHIP,
et al., Defendants.

Nos. 1:08cv374, 1:08cv566.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 16, 2009.

Henry St. John Fitzgerald, Law Offices of Henry St. J. Fitzgerald, Arlington, VA, for Plaintiff.

Edward W. Cameron, Sean Patrick Roche, Cameron McEvoy PLLC, Fairfax, VA, John Laughlin Carter, Carter Fullerton & Hayes LLC, Alexandria, VA, for Defendants.

## ORDER

T.S. ELLIS, III, District Judge.

The matter is before the Court on (i) defendants' motion (Docket No. 6) to dismiss, or in the alternative, to dismiss parties and sever claims; and (ii) plaintiffs' motion (Docket No. 10) for partial summary judgment. For the reasons that follow, defendants' motion, now appropriately treated as a motion for summary judgment,[1] or in the alternative, to dismiss parties and sever claims, is denied with respect to Count I of plaintiffs' second amended complaint and denied as moot with respect to Count II of plaintiffs' second amended complaint. In addition, Count II of plaintiffs' second amended complaint must be dismissed, and plaintiffs' motion for partial summary judgment with respect to certain issues regarding Count I of plaintiffs' second amended complaint must be granted.

Plaintiffs are approximately one hundred fifteen individuals who contracted to purchase condominium units from defendant Merrifield Town Center Limited Partnership ("Merrifield"), a Virginia limited partnership. Specifically, the units were to be built as part of the Vantage Condominiums at Merrifield Town Center in Falls Church, Virginia. Defendant Uniwest Group, LLC ("Uniwest Group"), is a Virginia limited liability company and Merrifield's sole general partner. Defendant Michael D. Collier is Uniwest Group's President and the registered agent for both Merrifield and Uniwest Group. Defendant Uniwest Development, LLC ("Uniwest Development"), is a Virginia limited liability company. Plaintiffs allege that Collier, Uniwest Group, and Uniwest Development acted as Merrifield's agents for purposes of the Vantage condominium development.

The Vantage condominium development consisted of approximately 279 units. Merrifield used two contract forms, titled "Unit Purchase Agreements" ("UPAs") to sell its units: (i) one UPA form that required Merrifield to complete construction within 36 months of "ratification," defined in the UPA as the date Merrifield signed the UPA; and (ii) a second UPA form that obligated Merrifield to complete construction within 24 months of "ratification" also defined in the UPA as the date Merrifield signed the UPA. Both UPA forms are at issue here, as the plaintiffs in this case include both individuals who signed 24–month UPAs and individuals who signed 36–month UPAs.[2] AH plaintiffs signed their respective UPAs in June or July 2005. Pursuant to the UPA's terms, each plaintiff, *inter alia*, paid an initial deposit upon signing the UPA, paid a second deposit within 180 days of signing the UPA, and thereafter obtained loans to purchase the units. The deposits were paid to defendant Walker Title & Escrow Co. ("Walker"), a Virginia corporation. Walker still retains plaintiffs' deposits.

For a variety of reasons, including permit delays, Merrifield did not sign the UPAs immediately. On average, Merri-

---

1. Although defendant's motion was filed as a motion to dismiss, it is now appropriately treated as a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., because information beyond the complaint's allegations has been considered. *See* Rule 12(d), Fed.R.Civ.P.

2. Specifically, plaintiffs include approximately sixty-seven individuals who signed 24–month UPAs and approximately forty-eight individuals who signed 36–month UPAs. Because some plaintiffs jointly purchased units with other plaintiffs, the number of condominium units at issue here total approximately ninety two—approximately fifty-six units purchased under 24–month contracts, and approximately thirty-six units purchased under 36–month contracts.

field signed the 36–month UPAs earlier than the 24–month UPAs, which Merrifield generally did not sign until August or September 2005. Thereafter, in June 2006, the project suffered more setbacks, including soil and environmental problems, weather delays, and delayed permit approvals. Accordingly, Merrifield sent plaintiffs who had signed 24–month UPAs an "amendment," in which they could choose color schemes and other options for their condominiums. The amendment also purported to change the UPA "ratification" date to the date of the amendment, thus purporting to extend the date by which Merrifield had to deliver the completed condominiums to June 2008, approximately 36 months after plaintiffs signed their 24–month UPAs. Most plaintiffs who had signed 24–month UPAs also signed this amendment, and it appears those who declined to do so were sent a letter which stated that mere receipt of the amendment signaled the purchaser's acknowledgment and acceptance of its terms.

On April 17, 2008, several months before the purportedly extended settlement date, plaintiffs filed the original complaint in this action, and on May 12, 2008, plaintiffs filed an amended complaint, seeking, *inter alia,* return of their deposits, rescission, and damages pursuant to four claims that alleged as follows:

(i) that Merrifield, Uniwest Group, and Collier violated the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1701 *et seq.,* by failing to comply with ILSFDA's reporting and disclosure requirements;

(ii) that Merrifield, Uniwest Group, and Uniwest Development engaged in a business conspiracy, in violation of Va.Code §§ 18.2–499 and 500;

(iii) that Merrifield breached the 24–month UPAs by failing to deliver

those units within two years of signing the 24–month UPAs; and

(iv) that because the sales contracts were made in violation of ILSFDA, defendant Walker is obligated to return plaintiffs' deposits.

On July 14, 2008, Walker filed an answer and counterclaim, seeking to interplead plaintiffs' deposits and to be dismissed from this action. On July 31, 2008, Merrifield, Collier, Uniwest Group, and Uniwest Development (collectively "Merrifield Defendants") moved to dismiss plaintiffs' claims, pursuant to Rule 12(b)(6), Fed. R.Civ.P., or in the alternative, to dismiss parties and sever claims, pursuant to Rules 20 and 21, Fed.R.Civ.P. Specifically, the Merrifield Defendants moved to dismiss on the grounds, *inter alia,* (i) that the UPAs preclude plaintiffs from bringing any claims against Collier, Uniwest Group, or Uniwest Development; (ii) that the sales contracts are exempt from ILSFDA's requirements; (iii) that plaintiffs' statutory business conspiracy claim does not properly allege a violation of Va.Code § 18.2–499; and (iv) that plaintiffs' breach of contract claim must be dismissed both because the 24–month UPA plaintiffs agreed to amendments that extended Merrifield's delivery obligations to June 2008 and because any delays were nonetheless excusable and beyond Merrifield's control.

Thereafter, on August 15, 2008, plaintiffs filed a response in opposition, and on August 19, 2008, plaintiffs moved for partial summary judgment with respect to their ILSFDA claim. Specifically, plaintiffs moved for partial summary judgment with respect to two issues: (i) that the sales contracts are not exempt from ILSFDA, and (ii) that defendants failed to comply with ILSFDA's reporting and disclosure requirements. The Merrifield Defendants filed a response in opposition, and the parties appeared for oral argument on

September 19, 2008. During the course of that hearing, plaintiffs moved to dismiss their statutory business conspiracy claim, and by Order of even date, that claim was withdrawn. *See Plant v. Merrifield Town Ctr. Ltd. P'ship*, No. 1:08cv374 (E.D.Va. Sept. 19, 2008) (Order) (Docket No. 22). Following oral argument, the parties' motions were taken under advisement. *See Plant v. Merrifield Town Ctr. Ltd. P'ship*, No. 1:08cv374 (E.D.Va. Sept. 19, 2008) (Order) (Docket No. 21).

On October 27, 2008, partial summary judgment was awarded to a group of 24–month UPA plaintiffs in a related case with respect to an ILSFDA claim nearly identical to that brought by the 24–month plaintiffs here. *See Ahn v. Merrifield Town Ctr. Ltd. P'ship*, 584 F.Supp.2d 848 (E.D.Va.2008). Specifically, the *Ahn* plaintiffs were granted partial summary judgment insofar as (i) the contracts pursuant to 24–month UPAs are not exempt from ILSFDA, and (ii) it is undisputed that Merrifield failed to comply with ILSFDA's reporting and disclosure requirements with respect to those contracts. Thereafter, this case was consolidated with *Kim v. Merrifield Town Center Ltd. Partnership*, No. 1:08cv566, and the parties submitted supplemental briefing with respect to whether the ruling in Ahn should be extended to the 24–month UPA plaintiffs here. In addition, by Order dated December 16, 2008, plaintiffs' breach of contract claim was withdrawn at plaintiffs' motion. *See Plant v. Merrifield Town Ctr. Ltd. P'ship*, No. 1:08cv374 (E.D.Va. Dec. 16, 2008) (Order).

The parties appeared for oral argument on December 19, 2008, and following that hearing an Order issued granting plaintiffs leave to file a second amended complaint "adding any additional plaintiffs, but not amending in any other respect." *See Plant v. Merrifield Town Ctr. Ltd. P'ship*, No. 1:08cv374 (E.D.Va. Dec. 19, 2008) (Order). The parties' were further ordered to submit supplemental briefing with respect to certain remaining issues pertaining to the parties' pending motions.

Thereafter, on January 12, 2009, plaintiffs filed a second amended complaint, alleging the following claims:

(i) that the Merrifield Defendants[3] violated ILSFDA ("Count I");

(ii) that Merrifield breached the 24–month UPAs by failing to deliver the units within two years of signing those UPAs ("Count II"); and

(iii) that because the sales contracts were made in violation of ILSFDA, defendant Walker is obligated to return plaintiffs' deposits ("Count III").

On January 26, 2009, the Merrifield Defendants filed an answer to plaintiffs' second amended complaint, and on February 11, 2009, the parties submitted a joint stipulation of facts.

As a threshold matter, it is important to observe that plaintiffs' second amended complaint, by including Count IPs breach of contract claim, exceeded the scope of the leave granted to amend. Specifically, because leave was only granted for purposes of adding plaintiffs, and because

---

**3.** It is worth noting that plaintiffs' second amended complaint includes an allegation that Uniwest Development, in addition to Merrifield, Collier, and Uniwest Group, violated ILSFDA. Although neither plaintiffs' original complaint, nor their amended complaint, included this allegation, plaintiffs' amended complaint in *Kim*, the consolidated member case here, did include that allegation. Accordingly, although plaintiffs were not granted leave to amend in any respect other than to add plaintiffs, plaintiffs' allegation against Uniwest Development did not exceed the scope of the Order granting plaintiffs leave to file a second amended complaint.

Count IPs breach of contract claim had already been withdrawn at plaintiffs' motion on December 16, 2008, Count II must be dismissed, and defendants' motion with respect to Count II must be denied as moot.

Thus, plaintiffs' ILSFDA claim (Count I) is the only claim at issue on the parties' instant motions. The questions presented by those motions, distilled to their essence, are as follows:

(i) whether the UPA's terms preclude plaintiffs from asserting their ILSFDA claim against defendants Collier, Uniwest Group, and Uniwest Development;

(ii) whether the plaintiffs who signed 24–month UPAs are entitled to partial summary judgment consistent with the *Ahn* opinion; and

(iii) whether the plaintiffs who signed 36–month UPAs are entitled to partial summary judgment with respect to their ILSFDA claim or whether the sales contracts pursuant to 36–month UPAs are exempt from ILSFDA.

These questions, having been fully briefed and argued, are now ripe for disposition. Each question is separately addressed.

■ First, the Merrifield Defendants argue that the UPA precludes plaintiffs' ILSFDA claims against defendants Collier, Uniwest Group, and Uniwest Development because it states that each plaintiff "contract[ed] to purchase ... solely from [Merrifield] and not any [Merrifield] affiliate" and because it purports to waive any statutory claims against "any [Merrifield] affiliate[s] [,] ... owners, stockholders, members, partners, managers, directors,

officers, employees or agents...." UPA ¶ 38. Plaintiffs counter that Collier, Uniwest Group, and Uniwest Development are "developers" or "agents" of developers as those terms are defined by ILSFDA. *See* 15 U.S.C. § 1701(5), (6). Moreover, plaintiffs assert that because no contract can waive a party's ILSFDA obligations, the UPA paragraph cited by the Merrifield Defendants cannot bar plaintiffs' ILSFDA claim. In this respect, ILSFDA provides that "[a]ny condition, stipulation, or provision binding any person acquiring any lot in a subdivision to waive compliance with any provision of this chapter ... shall be void." 15 U.S.C. § 1712. Accordingly, because ILSFDA does not permit a purchaser to waive a developer's or developer's agent's ILSFDA duties, and because plaintiffs have properly alleged that Collier, Uniwest Group, and Uniwest Development were "developers" or "agents" of developers obligated to comply with ILSFDA's terms, the Merrifield Defendants' motion in this regard must be denied.[4]

■ Next, it is clear that the plaintiffs who signed 24–month UPAs are entitled to partial summary judgment consistent with the opinion issued in *Ahn*. Specifically, the Merrifield Defendants have offered no basis on which to distinguish the 24–month UPA plaintiffs here from the *Ahn* plaintiffs. Rather, the Merrifield Defendants' sole argument here is the same argument *Ahn* rejected—that the 24–month UPAs, by obligating Merrifield to build within two years of the date Merrifield chose to sign the UPAs, exempted the sales contracts from ILSFDA pursuant to 15 U.S.C. § 1702(a)(2). For the reasons explained in *Ahn*, that argument fails, and plaintiffs are entitled to partial summary judgment inso-

4. Of course, because the parties have not litigated the nature and extent of Collier's, Uniwest Group's, or Uniwest Development's involvement, this ruling does not address whether further factual development may indicate that these defendants are not liable for the ILSFDA violations at issue.

far as the 24–month UPA sales contracts are not exempt from ILSFDA.

It is equally clear that the plaintiffs who signed 36–month UPAs are also entitled to partial summary judgment with respect to ILSFDA's application to their sales contracts. This is so because the plain language of the ILSFDA exemption relied upon by the Merrifield Defendants in this regard precludes that exemption's application here. Specifically, the Merrifield Defendants argue that the 36–month UPA sales contracts are exempt from ILSFDA pursuant to ILSFDA's "One Hundred Lot Exemption," which exempts from ILSFDA "the sale or lease of lots in a subdivision containing fewer than one hundred lots *which are not exempt under subsection (a) of this section* .... " 15 U.S.C. § 1702(b)(1) (emphasis added). In this regard, the Merrifield Defendants argue that because they sold fewer than 100 units pursuant to 36–month UPAs, those sales are exempt. This argument fails, however, because the subdivision at issue—the Vantage development—contained approximately 279 units "which are not exempt

under subsection (a)" of § 1702. Put differently, because § 1702(a)(2) does not operate to exempt the 24–month UPA sales contracts from ILSFDA, the One Hundred Lot Exemption does not exempt the 36–month UPA sales contracts.[5]

Accordingly, the sales contracts at issue are not exempt from ILSFDA,[6] and because the Merrifield Defendants do not contend that they complied with ILSFDA's reporting and disclosure requirements, plaintiffs are entitled to partial summary judgment with respect to Count I.

■ Finally, plaintiffs are properly joined pursuant to the requirements of Rule 20(a)(1), Fed.R.Civ.P., as their claims arose out of a series of transactions or occurrences that pose common questions of law and fact. Accordingly, neither dismissing parties, nor severance of claims, pursuant to Rule 21, Fed.R.Civ.P., is warranted at this time.

Accordingly, for these reasons, for the reasons that may be stated in a forthcom-

---

**5.** The Merrifield Defendants appear to concede as much in their pleadings. *See* Mem. in Supp. of Mot. Dismiss, at 13 ("Thus, *so long as Merrifield ... limited itself to no more than 99 [a]greements providing for a longer than two-year delivery period,* all such [a]greements are covered by the One Hundred Lot Exemption." (emphasis added)).

In addition, the Merrifield Defendants' reliance on *Bartley v. Merrifield Town Center Ltd. Partnership,* 580 F.Supp.2d 495 (E.D.Va. 2008), is misplaced. Specifically, in *Bartley,* it was "undisputed that Merrifield invoked the [One Hundred] Lot Exemption by selling 97 units with delivery dates 36 months from the date the buyers ratified their respective purchase agreements." *Id.* at 499. In *Bartley,* the court did not address *whether* the One Hundred Lot Exemption applied; instead, the *Bartley* court simply addressed the *scope* of that exemption's undisputed application in that case. *See id.* Accordingly, because the *Bartley* plaintiffs appear not to have raised the argument raised by these plaintiffs—that the

One Hundred Lot Exemption's application to the 36–month UPA sales contracts is contingent upon the 24–month UPA sales contracts being exempt pursuant to a different ILSFDA exemption—*Bartley* did not address the question presented here. And in any event, insofar as *Bartley* suggests a result different than that reached here, it is unpersuasive.

**6.** The parties devote substantial effort to plaintiffs' alternative argument that even if § 1702(a)(2)'s two-year period runs from ratification and § 1702(b)(1)'s application is not contingent on § 1702(a), (b)'s application, the contracts are nonetheless not exempt because *Merrifield's method of disposition was* "adopted for the purpose of evasion" of ILSFDA's requirements. *See* § 1702(a), (b). It is unnecessary to reach or decide this issue here because neither § 1702(a)(2), nor § 1702(b)(1), exempt the contracts from ILSFDA.

ing Memorandum Opinion, and for good cause,

It is hereby **ORDERED** that Count II of plaintiffs' second amended complaint is **DISMISSED.**

It is further **ORDERED** that the Merrifield Defendants' motion for summary judgment, or alternatively, to drop parties and sever claims, is **DENIED** with respect to Count I of plaintiffs' second amended complaint and **DENIED AS MOOT** with respect to Count II of plaintiffs' second amended complaint.

It is further **ORDERED** that plaintiffs' motion for partial summary judgment with respect to Count I is **GRANTED,** insofar as (i) the 24–month UPA sales contracts are not exempt, pursuant to 15 U.S.C. § 1702(a)(2), from ILSFDA's reporting and disclosure requirements; (ii) the 36–month UPA sales contracts are not exempt, pursuant to 15 U.S.C. § 1702(b)(1), from ILSFDA's reporting and disclosure requirements; and (iii) it is undisputed that defendants failed to comply with ILSFDA's reporting and disclosure requirements with respect to all sales contracts at issue.[7]

---

7.  Of course, the result reached here does not address, *inter alia,* (i) which defendants may be held liable for the ILSFDA violations; (ii) the appropriate remedy, if any, for those violations; or (iii) any statutory or equitable defenses that defendants may have to plaintiffs' ILSFDA claim.