Evelyn COKE, Plaintiff–Appellant,

v.

**LONG ISLAND CARE AT HOME, LTD., and Maryann Osborne, Defendants–Appellees.**

Docket No. 03–7666–CV.

United States Court of Appeals, Second Circuit.

Argued: March 4, 2004.

Decided: July 22, 2004.

Remanded: Jan. 23, 2006.

Decided: Aug. 31, 2006.

---

Harold Craig Becker, Chicago, IL, (Michael Shen and Constantine P. Kokkoris, New York, NY, on the brief), for Plaintiff–Appellant.

Daniel S. Alter, New York, NY, for Defendants–Appellees.

Stuart R. Cohen, AARP Foundation Litigation, Washington, D.C. (Sarah L. Lock and Dorothy Siemon, AARP Foundation Litigation, Washington, D.C.; Michael R. Schuster, AARP, Washington, D.C., on the brief), for AARP as amicus curiae in support of Plaintiff–Appellant.

Joel L. Hodes, Whiteman Osterman & Hanna LLP, Albany, N.Y. (Ellen M. Bach, of counsel), for New York State Association of Health Care Providers, Inc. as amicus curiae in support of Defendants–Appellees.

Susan Choi–Hausman, Senior Counsel, Corporation Counsel of the City of New York, New York, N.Y. (Michael A. Cardozo and Pamela Seider Dolgow, Corporation Counsel of the City of New York, New York, NY; Stephen J.A. Acquario, General Counsel, New York State Association of Counties, Albany, NY, on the brief), for City of New York and New York State Association of Counties as amici curiae in support of Defendants–Appellees.

Joanna Hull, Attorney, United States Department of Labor, Washington, D.C. (Howard M. Radzely, Solicitor of Labor, Steven J. Mandel, Associate Solicitor, and Paul L. Frieden, Counsel for Appellate Litigation, United States Department of Labor, Washington, D.C., on the brief) for Secretary of Labor as amicus curiae in support of Defendants–Appellees.

John Longstreth, Preston Gates Ellis & Rouvelas Meeds LLP, Washington, D.C., for Home Care Association of New York

State, Inc. as amicus curiae in support of Defendants–Appellees.

Roxanne G. Tena–Nelson, New York, NY, for Continuing Care Leadership Coalition, Inc. as amicus curiae in support of Defendants–Appellees.

Before WALKER, Chief Judge, KATZMANN, Circuit Judge, and GLEESON,* District Judge.

PER CURIAM.

A detailed discussion of the facts of this case and the regulatory scheme at issue is set forth in *Coke v. Long Island Care at Home, Ltd.*, 376 F.3d 118, 121–25 (2d Cir. 2004) (*"Coke I"*). The procedural history is this: Plaintiff–Appellant Evelyn Coke appealed from a final judgment entered in the United States District Court for the Eastern District of New York (Thomas C. Platt, *Judge)* granting Defendants–Appellees Long Island Care at Home and Maryann Osborne judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See Coke v. Long Island Care at Home, Ltd.*, 267 F.Supp.2d 332 (E.D.N.Y.2003). On appeal, this court affirmed in part and vacated in part the district court's judgment, holding that 29 C.F.R. § 552.6 is enforceable on its face but that 29 C.F.R. § 552.109(a) (" § 552.109(a)") is unenforceable. *See Coke I*, 376 F.3d at 135. By an order dated January 23, 2006, the United States Supreme Court granted Defendants–Appellees' petition for a writ of certiorari, vacated this court's 2004 judgment, and remanded the case to "the Second Circuit for further consideration in light of the Department of Labor's Wage and Hour Advisory Memorandum No.2005–1 (December 1, 2005)." *Long Island Care at Home, Ltd. v. Coke,* —— U.S. ——, 126 S.Ct. 1189, 163 L.Ed.2d 1125 (2006). For the reasons that follow, upon reconsideration in light of the Department of Labor's Wage and Hour Advisory Memorandum ("DOL Memo"), we adhere to our original position.

 An administrative agency's rule implementing a statutory provision is entitled to the deference described in *Chevron U.S.A., Inc. v. Natural Resources Defense Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), "when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority." *United States v. Mead Corp.,* 533 U.S. 218, 226–27, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001). There is no dispute that Congress delegated to the Department of Labor ("DOL" or "the Department") the authority to promulgate legislative rules, which carry the force of law. But for substantially the same reasons set forth in our 2004 decision, we conclude that § 552.109(a) was not intended, at the time of its promulgation, to be a legislative rule; rather, it was meant to be an interpretive rule. While the original notice of proposed rulemaking indicates that the entirety of Part 552 of the Code of Federal Regulations was adopted pursuant to the authority delegated by 29 U.S.C. § 213(a)(15), it also indicates that the DOL proposes to add Part 552

> defining and delimiting, in Subpart A, the terms "domestic service employee," [and other terms undefined in the statute] and setting forth, in Subpart B, a statement of general policy and interpretation concerning the application of

---

* The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

the Fair Labor Standards Act to domestic service employees.

Employment of Domestic Services Employees, Recordkeeping, Definitions and General Interpretations, 39 Fed.Reg. 35,-382, 35, 382 (Oct. 1, 1974). This statement acknowledges that Part 552 is divided into two subparts, each of which has a different purpose. That statement, in combination with the facts that Subpart B is labeled "Interpretations" and that 29 C.F.R. § 552.2(c) indicates that "[t]he definitions required by section 13(a)(15) [of the FLSA] are contained in §§ 552.3, 552.4, 552.5, and 552.6," convinces us that our original conclusion that § 552.109(a) is an interpretive rule was correct. As such, it is entitled only to the level of deference described in *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944) (courts should defer to non-legislative agency rules according to their power to persuade). *See also Christensen v. Harris County*, 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000).

The arguments to the contrary presented in the DOL Memo are not persuasive. The memo indicates that the DOL considers § 552.109(a) legally binding, and points out that, when it promulgated the final rule, it explained that the original version would not have "allowed" the exemption for employees of third parties and that the DOL concluded that the exemptions "can be available" to such employees. The memo asserts that the quoted language indicates that DOL must have believed, at the time the rule was promulgated, that the availability of the exception to employees of third parties turned definitively on its pronouncement in § 552.109(a). But even if all other regulatory provisions were silent on the issue of third-party employees, § 552.109(a) could have been simply intended to provide guidance to DOL employees as to how the agency planned to interpret "domestic service employment"

in the third-party employer context. This is, after all, the function that interpretive rules, opinion letters, agency manuals, enforcement guidelines, and other non-legislative agency rules that have been denied *Chevron* deference perform. *See Christensen*, 529 U.S. at 587, 120 S.Ct. 1655. So even if the agency's determination of whether employees of third parties qualify for the companionship services exemption has always been dependent on § 552.109(a), that does not mean that regulation was promulgated as a legislative regulation intended to have the force of law outside of the agency.

■ Applying *Skidmore* deference to § 552.109(a), we see nothing in the DOL Memo to persuade us that our original conclusion was in error. We rested that conclusion on our determinations that the regulation is (1) inconsistent with Congress's likely purpose in enacting the 1974 amendments; (2) inconsistent with other regulations; (3) inconsistent with other DOL positions over time; and (4) insufficiently explained by DOL, evidencing a lack of thorough consideration. *Coke I*, 376 F.3d at 133.

After consideration of the DOL Memo, we acknowledge that, like most complex statutes, the FLSA has multiple purposes, some of which are in tension with one another. Among these purposes are a desire to expand the coverage of the FLSA to domestics, S.Rep. No. 93–690, 93d Cong., 2d Sess., at 16, 18–20 (1974), to exempt companionship services from that coverage, *id.* at 20, to ensure that companionship and babysitting services remain affordable for working families, 18 Cong. Rec. 24,715 (1972), and to ensure minimum wage and overtime compensation for domestic workers who were regular breadwinners, responsible for supporting their families, S.Rep. No. 93–690, at 20. The

third-party employer regulation as currently written would be consistent with some of these purposes and inconsistent with others. Consideration of congressional intent therefore does not lead to any definitive conclusion regarding the enforceability of § 552.109(a).

■] Our previously expressed concerns about the regulation remain valid. To the extent that the DOL Memo invites us to reconcile § 552.109(a) and 29 C.F.R. § 552.3 (" § 552.3") with one another by ignoring the "extraneous vestige of the language's origin" included in the text of § 552.3, we decline to accept the invitation. While we agree that we must make every effort to interpret regulations in such a way as to give each of them meaning and effect, an effort that requires us to ignore the plain language of a regulation with the force of law places more weight on that rule of construction than it can bear. Moreover, we need not defer to an agency's interpretations of its own regulations when those regulations, like § 552.109(a) and § 552.3, are unambiguous. *Christensen*, 529 U.S. at 588, 120 S.Ct. 1655.

With respect to the agency's inconsistent positions regarding § 552.109(a), we acknowledge DOL's statement in the DOL Memo withdrawing and repudiating all previous statements questioning the validity of that regulation. But a current repudiation of those past positions does not mean that they were never advanced. As firm as DOL's conviction is now that the current form of § 552.109(a) is the appropriate one, it cannot change the fact that, at multiple times in the past, the Department's position has been otherwise. .

Finally, in our original opinion, we were specifically concerned with DOL's failure to explain both the inconsistency between § 552.109(a) and § 552.3 and the Department's decision in 1975 to promulgate a rule that was contrary to the one originally

proposed. *Coke I*, 376 F.3d at 134. We acknowledge that the DOL Memo is evidence that the agency has spent some time considering its position with respect to § 552.109(a). We also recognize that the agency has considered and decided against amending the regulation on several occasions. But these facts do not address our concerns regarding the thoroughness of the original consideration and reasoning that went into the promulgation of § 552.109(a). To be sure, the DOL Memo attempts to explain the inconsistency between § 552.109(a) and § 552.3, but, as noted above, we find this explanation unpersuasive. And with respect to the "about-face," *Coke I*, 376 F.3d at 134, which the Department performed between the initial notice of proposed rulemaking and the adoption of the regulation in its current form, the DOL Memo is silent. As we pointed out in our March 2004 opinion, the explanation proffered in the Federal Register, see 40 Fed.Reg. 7404, 7405 (Feb. 20, 1975), ignored the plain language of the statute. *Coke I*, 376 F.3d at 134. The DOL Memo not only fails to acknowledge this faulty reasoning, it actually advances it once more as an argument that the current form of § 552.109(a) is consistent with the statutory text of 29 U.S.C. § 213(a)(15).

After reconsidering our 2004 decision in light of the DOL Memo, we find no reason to abandon the reasoning or the results reached in that decision. For the reasons set forth above and in our 2004 opinion, we AFFIRM the district court's ruling that 29 C.F.R. § 552.6 is enforceable on its face; VACATE the district court's ruling that 29 C.F.R. § 552.109(a) is enforceable; and **Remand** the case for further proceedings.