[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 22, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11032

_____

D. C. Docket No. 05-00422-CV-FTM-29-DNF

TAMMY BUCKNER, on her own behalf
and others similarly situated,

Defendant-Appellee,

versus

FLORIDA HABILITATION NETWORK, INC.,
a Florida corporation,

Plaintiff-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 22, 2007)**

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

I.

This appeal presents two related issues under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq.: (1) whether a domestic service employee, employed by a third party employer rather than directly by the family of the person receiving care, is exempt from the overtime requirements of the FLSA pursuant to the companion services exemption, and (2) what level of deference is due to Department of Labor ("DOL") provisions 29 C.F.R. §§ 552.3 and 552.109(a).[1]

Consistent with the Supreme Court's recent holding in Coke v. Long Island Care at Home, Ltd., No. 06-593, slip op. at 1 (S.Ct. June 11, 2007) ("Coke III"), we conclude that both §§ 552.3 and 552.109(a) are enforceable regulations, and § 552.109(a) controls on the issue of third party employment.  Therefore, pursuant to § 552.109(a), a domestic service employee, employed by a third party employer rather than directly by the family of the person receiving care, is exempt from the overtime requirements of the FLSA.

II.

Appellee, Tammy Buckner, was an employee of Florida Habilitation Network, Inc ("FHN"), which employs care-givers to provide services in customers' homes.  Buckner provided such services as taking mentally disabled

---

[1]The issues were certified for our review by the district court under 28 U.S.C. § 1292(b).

patients on field trips and other outings, and she was paid by FHN, and not directly by the customers or the customers' families, on an hourly basis for her services. Buckner regularly worked in excess of forty (40) hours per work week, for which she was paid "straight time," rather than one and one-half times her regular hourly pay. Buckner filed a complaint against FHN, alleging that she and other similarly situated individuals should have been paid overtime compensation as required by the FLSA for all work over forty (40) hours per week. See 29 U.S.C. §§ 207 and 216(b). FHN responded that Buckner and the other employees fell within the FLSA's "companion services" exemption and, as such, did not qualify for overtime pay. FHN, therefore, filed a motion for summary judgment. The district court denied the motion and, pursuant to FHN's alternative Motion to Certify Controlling Question of Law, certified the two questions above for review under 28 U.S.C. § 1292(b). FHN also appeals the district court's denial of its motion for summary judgment.

III.

We review a district court's order on a motion for summary judgment de novo. Nunnally v. Equifax Info. Servs., LLC, 451 F.3d 768, 771 (11th Cir. 2006); Cater v. Galloway, 352 F.3d 1346, 1348 (11th Cir. 2003). A determination regarding the appropriate level of deference accorded to an agency regulation is a

3

question of law, and questions of law are reviewed de novo.  See Craven v. United States, 215 F.3d 1201, 1204 (11th Cir. 2000).

IV.

The FLSA, enacted by Congress in 1938, requires employers to pay employees not less than one and one-half times the hourly rate for all hours worked in excess of forty hours in a work week.  See 29 U.S.C. § 207(a)(1).  In 1974, Congress extended the coverage of the FLSA to apply to "domestic services," which was understood to mean those employed within the home in various capacities.  At the same time, Congress exempted from this new requirement any employee "employed in domestic service employment to provide companion services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)."[2]  29 U.S.C. § 213(a)(15).

Shortly thereafter, the DOL promulgated regulations through a process of notice and comment rule-making, in Part 552, Subpart A, titled "General Regulations," defining the terms "domestic service employment" and "companion services."  "Domestic service employment" was defined to mean "services of a household nature performed by an employee in or about a private home (permanent

---

[2] This provision also included an exemption for babysitting services.  29 U.S.C. § 213(a)(15).

4

or temporary) of the person by whom he or she is employed." 29 C.F.R § 552.3. In Subpart B, titled "Interpretations," the DOL promulgated other provisions through notice and comment rule-making, including § 552.109(a) ("third party employer regulation"), which states, "Employees who are engaged in providing companionship services . . . and who are employed by an employer or agency other than the family or household using their services, are exempt from the Act's minimum wage and overtime pay requirements . . . ." Like all other exemptions to the FLSA, the companionship exemption must be "narrowly construed." Mitchell v. Ky. Fin. Co., 359 U.S. 290, 295 (1959). Although the DOL has at times suggested amendments to § 552.109, the regulation, along with § 552.3, has remained unchanged by the DOL and Congress since 1974.

Federal regulations are subject to one of two levels of deference, described as either Chevron or Skidmore deference. Under the Chevron analysis, if Congress expressly delegates authority to the agency to make rules carrying the force of law and the agency promulgates such rules pursuant to that authority, courts give controlling weight to the regulations unless they are "arbitrary, capricious, or manifestly contrary to the statute." Chevron U.S.A. Inc. v. Natural Res. Defense Council, Inc., 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L. Ed. 2d 694 (1984); see also United States v. Mead, 533 U.S. 218, 226-27, 121 S.Ct. 2164, 2171, 150

5

L. Ed. 2d 292 (2001) (Chevron applies "when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority."). Although a delegation of authority from Congress to an agency may be explicit, the Supreme Court also has recognized that such delegations may be "implicit." See Mead, 533 U.S. at 229; Chevron, 467 U.S. at 844.

In other situations, where a regulation fails to meet Chevron, the Skidmore analysis applies. Under Skidmore, an agency's interpretation may merit some deference depending upon the "thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L. Ed. 124 (1944); see also Mead, 533 U.S. at 234-35.

The issues of what level of deference to afford §§ 552.3 and 552.109(a) are ones of first impression for the Eleventh Circuit. The appropriateness of granting Chevron deference to the DOL regulation defining "domestic service employment," § 552.3, has not been a contentious issue. In comparison, several circuit courts have reached different conclusions regarding whether the third party employer regulation, § 552.109(a), should be granted Chevron deference and

6

whether it is enforceable.  See  Coke v. Long Island Care at Home, Ltd., 462 F.3d 48 (2d Cir. 2006) ("Coke II"), vacated, No. 06-593 (S.Ct. June 11, 2007); Coke v. Long Island Care at Home, Ltd., 376 F.3d 118 (2d Cir. 2004) ("Coke I"), vacated, 546 U.S. 1147 (2006); Johnston v. Volunteers of Am., Inc., 213 F.3d 559 (10th Cir. 2000).  On June 11, 2007, the United States Supreme Court resolved this circuit split and ruled that § 552.109(a) is entitled to Chevron deference and is enforceable.  See Coke III, slip op. at 1.[3]  The Court in Coke III also addressed the relevance of § 552.3, and concluded that, although the regulation is valid, § 552.109(a) is controlling on the issue of third party employment.  Coke III, slip op. at 9.

In reaching its decision, the Supreme Court in Coke III first concluded that Congress intended to grant the DOL broad definitional authority, including the authority to decide whether to include workers paid by third parties within the

---

[3] In Coke I, the Second Circuit held that § 552.109(a) deserves only Skidmore deference because it is an interpretive regulation rather than a legislative regulation promulgated pursuant to Congress's express delegation of authority.  Coke v. Long Island Care at Home, Ltd., 376 F.3d 118, 121 (2d Cir. 2004).  After the Second Circuit's decision, the DOL issued an Advisory Memorandum ("DOL memorandum") stating that "the Department has always treated the third party employment regulations as legally binding legislative rules, and it will continue to do so on an ongoing basis [outside the Second Circuit]."  Department of Labor Wage and Hour Advisory Memorandum No. 2005-1 (Dec. 1, 2005).  On appeal to the Supreme Court, the Coke I decision was vacated and remanded for further consideration in light of the DOL memorandum.  Long Island Care at Home, Ltd. v. Coke, 546 U.S. 1147 (2006).  Upon reconsideration of the issue, the Second Circuit adhered to its original position.  Coke v. Long Island Care at Home, Ltd., 462 F.3d 48 (2d Cir. 2006) ("Coke II").  The Supreme Court then granted Long Island Care at Home, Ltd.'s petition for writ of certiorari.

scope of the definitions of "domestic service employment" and "companionship services." Id. at 7. Second, the Court considered the respondent's argument that §§ 552.3 and 552.109(a) are inconsistent, and, therefore, § 552.3 should control. Id. at 8. Although the Supreme Court conceded that the two regulations are inconsistent because one limits the definition of "domestic service employee" for purposes of the 29 U.S.C. § 213(a)(15) exemption to workers employed by the household, but the other includes workers who are not employed by the household, it concluded that § 552.109(a) is controlling on the issue of third party employment. Id. at 8-9. In so doing, the Court considered the serious problems that would be created by granting controlling authority to § 552.3, the policy of the specific governing the general, and the DOL's "considered views" on the matter as explained in the DOL memorandum.[4] Id. at 9-11. Third, the Court determined that § 552.109(a) was not merely an "interpretive" regulation entitled only to Skidmore deference, as argued by the petitioner. Rather, the Court concluded that the Court should defer to the DOL's rule. Id. at 13-14. Finally, the Court concluded that the 1974 agency notice-and-comment procedures were sufficient. Id. at 14.

Consistent with the Supreme Court's decision in Coke III, we hold that both

---

[4] The Court also noted that the DOL has interpreted these regulations differently at different times, but concluded that "as long as interpretive changes create no unfair surprise . . . the change in interpretation alone presents no separate ground for disregarding the Department's present interpretation." Coke III, slip op. at 10.

§§ 552.3 and 552.109(a) are enforceable regulations, and § 552.109(a) controls on the issue of third party employment. Therefore, pursuant to § 552.109(a), a domestic service employee, employed by a third party employer rather than directly by the family of the person receiving care, is exempt from the overtime requirements of the FLSA.

For the foregoing reasons, we REVERSE the district court's denial of FHN's motion for summary judgment and REMAND for further proceedings consistent with this opinion.