[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15198

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 9, 2008
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 07-14040-CV-FJL
07-14083-CV-FJL

SAVERIO PUGLIESE,
MICHAEL J. MIEVES,
ANTONIO SALADINO,
STEPHEN MATOLYAK,

Plaintiffs-Appellees,

versus

PUKKA DEVELOPMENT, INC.,

Defendant-Appellant,

JACK B. OWEN, JR.,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 9, 2008)**

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

KRAVITCH, Circuit Judge:

Pukka Development appeals the district court's order granting summary judgment to Plaintiffs Saverio Pugliese, Michael Mieves, Antonio Saladino and Stephen Matolyak. This case turns on the interpretation of sections 1702 and 1703(d) of the Interstate Land Sales Act (the "ILSA"). We disagree with the district court's interpretation of the statute. We therefore reverse the district court's decisions to grant Plaintiffs' motion for summary judgment and to deny Pukka's motion for the same.

## BACKGROUND

Twenty-two months after entering into contracts to purchase individual units in Pukka's condominium development of seventy-eight units, Plaintiffs attempted to revoke their contracts pursuant to § 1703(d) of the ILSA, 15 U.S.C. § 1703(d). Pukka responded that the contracts at issue were exempt from § 1703(d), and thus could not be revoked. Plaintiffs filed suit seeking to rescind their contract obligations. The parties filed cross-motions for summary judgment. Finding no disputed issues of fact, the district court granted summary judgment as a matter of law for Plaintiffs and denied Pukka's motion for summary judgment based on its interpretation of the statutory language.

In § 1703(d), the ILSA provides purchasers and lessees of real estate "lots" a two-year right of revocation of the contract under certain circumstances. Section

1703(d) states "Any contract or agreement which is for the sale or lease of a lot *not exempt under section 1702* of this title which does not provide [certain safeguards within the terms of the contract] may be revoked at the option of the purchaser or lessee for two years from the date of the signing of such contract or agreement." 15 U.S.C. § 1703(d) (emphasis added). The parties do not dispute that the required safeguards were not included in the contracts, and that the contracts would therefore be revocable unless exempt. Thus, this case turns on the meaning of the phrase "not exempt under section 1702" in § 1703(d).

Section 1702 contains three subsections. Section 1702(a) exempts the sale or lease of certain properties or "lots" from all ILSA provisions. Section 1702(b) exempts the sale or lease of other lots from ILSA registration and disclosure requirements. It states "the provisions requiring registration and disclosure (as specified in section 1703(a)(1) of this title and sections 1704 through 1707 of this title) shall not apply to [sales or leases of certain types of lots]." 15 U.S.C. § 1702(b). Subsection (b)(1) identifies "lots in a subdivision containing fewer than one hundred lots." 15 U.S.C. § 1702(b)(1). Section 1702(c) provides for the creation of rules or regulations exempting lots from other provisions of the ILSA.

The parties agree that the contracts here involve lots in a subdivision containing fewer than one hundred lots and are therefore exempt from the

3

registration and disclosure provisions of the ILSA under § 1702(b)(1). The parties disagree, however, on whether the language "not exempt under section 1702" in § 1703(d) makes these contracts also exempt from the right of revocation provided in § 1703(d).

Pukka submmitted an opinion letter written by Ivy Jackson, the Director of the RESPA and Interstate Land Sales office of the U.S. Department of Housing and Urban Development ("HUD") as support for its position that any lot exempt from any provision of the ILSA under § 1702 would also be exempt from the revocation provision of § 1703(d).[1] In the letter, Jackson wrote that "[t]he requirements of . . . § 1703(d) do not apply to the sale or lease of lots that are exempt under the 100 lots provision of 15 U.S.C. § 1702(b)(1) (or any other exemption of § 1702)." The district court disregarded this letter, citing Samara Development Corp. v. Marlow, 556 So.2d 1097 (Fla. 1990), a Florida Supreme Court opinion construing other portions of the ILSA. In Samara, the plaintiff argued that deference was owed to HUD interpretations supporting its position. Id. at 1099. The Samara court held that the regulations did not resolve the statutory interpretation question before it, and that the court was, therefore, free to

---

[1] HUD is the agency responsible for administration of the ILSA and has been granted authority to promulgate rules and regulations relating to ILSA. 15 U.S.C. §§ 1715, 1718.

conduct its own analysis to determine the meaning of the statutory provision in question. Id. The district court in this case, relying on Samara, concluded that "full agency deference is not always warranted."[2]

The district court acknowledged that the Florida court of appeals had issued an opinion finding that lots exempt under § 1702(b)(1) were exempt from § 1703(d), Mayersdorf v. Paramount Boynton, LLC, 910 So.2d 887 (Fla. Ct. App. 2005), but noted that that case was not binding authority.

The district court held that, under the plain language of the statute, § 1703(d) "simply . . . refer[s] the reader to where the exemptions are found" and that § 1702(b)(1) "clearly limits [the] scope [of the exemption for lots enumerated there] to specified, related provisions." Thus, the court held that the ILSA exempted contracts from § 1703(d) only if the exemption given in § 1702 so provides. The court, therefore, concluded that the contracts here are not exempt from § 1703(d) and may be revoked within two years. Accordingly, the district court granted summary judgment for Plaintiffs and denied Pukka's motion for summary judgment. Pukka timely appealed.

---

[2] We note, however, that the Samara court did not rely on the regulations because the court found that the regulations did not provide clear guidance on the issue before it, not because it felt that no deference was owed to agency regulations. 556 So.2d at 1099.

Since the district court's decision issued, two other opinions from the Southern District of Florida have been handed down addressing the same ILSA provisions. Trotta v. Lighthouse Point Land Company, LLC, 551 F. Supp. 2d 1359 (S.D. Fla. 2008); Meridian Ventures, LLC v. One North Ocean, LLC., 538 F. Supp. 2d 1359 (S.D. Fla. 2007). Both cases followed the district court's opinion in this case and concluded that lots are exempt from the right of revocation laid out in § 1703(d) only if they are already so exempt under § 1702. A court from the Eastern District of Virginia, however, disagreed and held that the plain, unambiguous language of the statute indicates that developers exempt under any provision of § 1702 are exempt from § 1703(d) as well. Bartley v. Merrifield Town Ctr. Ltd. P'ship., No. 1:08cv145, slip op. at 3 (E.D. Va. Sept. 30, 2008).

Three *amicus curiae* briefs were filed in this appeal from the United States on behalf of HUD, the Real Property Probate and Trust Law Section of the Florida Bar, and the Florida Home Builders Association together with the National Association of Home Builders. All three support Pukka's position that "not exempt under section 1702" means that if any exemption under § 1702 applies, the contract is then also exempt from the right of revocation in § 1703(d).

**STANDARD OF REVIEW**

6

"We review the district court's grant of summary judgment de novo, applying the same legal standards that bound the district court, and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." Cruz v. Publix Super Markets, Inc., 428 F.3d 1379, 1382 (11th Cir. 2005) (citation and quotation omitted). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We also review the district court's interpretation of a statute and the application of law de novo. Holton v. City of Thomasville School Dist., 490 F.3d 1257, 1261 (11th Cir. 2007).

**DISCUSSION**

Pukka contends that the language "not exempt under section 1702" signifies that § 1703(d) does not apply to the sale of any lot that is exempt from any other provision of the ILSA under § 1702. Pukka argues that the contracts here are exempt from § 1703(d) because they are exempt from the registration and disclosure provisions under § 1702(b)(1).

Plaintiffs contend that the phrase "not exempt under section 1702" simply refers the reader to § 1702, and the sale of a lot is exempt from § 1703(d) only if it is already so exempt under the terms of § 1702. Plaintiffs concede that the contracts in this case are exempt from the registration and disclosure provisions of

7

the Act through § 1702(b)(1), but argue that those are the *only* provisions of the ILSA from which they are exempt. Thus, Plaintiffs argue that the right of revocation in § 1703(d) remains applicable.

In interpreting a statute, we start with the plain language of the provisions to be interpreted. United States v. Silva, 443 F.3d 795, 797-98 (11th Cir. 2006) ("If the statute's meaning is plain and unambiguous, there is no need for further inquiry."). We apply the plain language of a statute unless doing so would lead to an absurd result. Id. at 798.

This case turns on whether the phrase "exempt under section 1702" adds meaning to § 1703(d) (Appellant's interpretation) or whether it merely references the exemptions found in § 1702 (Appellees' interpretation). "It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001) (quoting Duncan v. Walker, 533 U.S. 167, 174 (2001)). This principle favors Appellant's reading, which gives meaning to the phrase "not exempt under section 1702." It is not, however, unheard of for statutes to use language that refers the reader to another section but does not itself add new meaning. In the ILSA itself, for example, § 1703(a)(2) uses language similar to the language in

8

§ 1703(d), and states that § 1703(a)(2) applies to "any lot not exempt under section 1702(a) of this title."  Because § 1702(a) already exempts lots from *all* provisions of the Act, this language does not add meaning but merely serves as a reminder that some lots are exempt from all provisions of the ILSA.  See also BP Am. Prod. Co. v. Burton, 549 U.S. 84, 98 (2006) (holding that statutory language is not "mere surplusage" where it "clarifies" the application of the provision).

On the other hand, "[i]t is well settled that where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."  Duncan v. Walker, 533 U.S. 167, 173 (2001) (internal citation and alterations omitted).  In subsections 1703(a)(1), (b), and (d), Congress used the phrase "not exempt under section 1702," but in §1703(a)(2) Congress used the more specific phrase "not exempt under section 1702(a)."  This illustrates that Congress understood how to be more specific, but chose not to do so in § 1703(d).  Congress chose to be less specific in § 1703(d) and used the broader "not exempt under section 1702" language, suggesting that we should give meaning to that choice and endorse Pukka's interpretation.

Acknowledging that Congress knew how to specify § 1702(a) as the only applicable exemption but chose not to do so in § 1703(d), we hold that Appellees'

9

interpretation improperly adds language to § 1703(d). If we were to agree with Plaintiffs, we would in essence change the language from "not exempt under section 1702" to "not exempt under section 1702(a)." "We are not . . . authorized to revise statutory provisions in the guise of interpreting them." In re Hendrick, 524 F.3d 1175 (11th Cir. 2008).

Plaintiffs argue that interpreting § 1703(d) to add exemptions improperly creates judicial exceptions. See Allstate Life Ins. Co. v. Miller, 424 F.3d 1113, 1116 n.5 (11th Cir. 2005) ("Specifically, where the legislature has included certain exceptions . . . , the doctrine of *expressio unis est exclusio alterius* counsels against judicial recognition of additional exceptions."). We disagree. By following Pukka's reading of these statutory provisions, we do not add judicial exceptions on top of enumerated legislative exceptions; rather, we simply interpret the statute itself as providing legislative exceptions in § 1703(d) in addition to other legislative exceptions discussed in § 1702.

Although both parties argue that the statutory language is plain and unambiguous, both also argue that the plain meaning supports their interpretation. This indicates ambiguity. Furthermore, the existence of divergent court opinions also suggests ambiguity. Smiley v. Citibank (North Dakota), N.A., 517 U.S. 735, 739 (1996).

Where statutory language is ambiguous, we will defer to the interpretation of the government agency entrusted to administer the statute "if it is 'based on a permissible construction' of the Act." Barnhart v. Walton, 535 U.S. 212, 218 (2002) (quoting Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843 (1984)). Chevron deference applies to agency rules promulgated in the exercise of the authority to make rules carrying the force of law granted to the agency by Congress. United States v. Mead, 533 U.S. 218, 226-27 (2001). HUD is the agency responsible for administration of the ILSA and has been granted authority to promulgate rules and regulations relating to ILSA. 15 U.S.C. §§ 1715, 1718.

Current HUD regulations do not provide guidance on this issue, despite Appellant's assertions to the contrary. Nowhere do the regulations speak to the interplay between § 1703(d) and § 1702(b). See 24 C.F.R. §§ 1710, *et seq*. Past

regulations, however, do speak specifically to the question before us.[3]  Prior to

1996, the regulations included the statement:

> A contract or agreement, including a promissory note, for the sale or lease of a lot not exempt under §§ 1710.5–1710.16 of this chapter [including § 1710.6, the exemption for properties with less than 100 lots] *may be revoked* by a purchaser within two years from the date of signing the contract or agreement . . . .

24 C.F.R. § 1715.4(a) (1995)(emphasis added).  This language served to clarify

the right of revocation provided in 15 U.S.C. § 1703(d), and established that if a

lot was exempt from the registration and disclosure provisions under § 1702(b),

then it was also exempt from § 1703(d).  We conclude that HUD's reading of the

ILSA in these prior regulations is a permissible construction of the statute because

ample tenets of statutory construction support HUD's reading of § 1703(d) that

sales and leases of lots are exempt from the § 1703(d) right of revocation if

exempt from any provision of the ILSA under § 1702.  These regulations would

therefore be accorded <u>Chevron</u> deference were they still in effect.  The question

---

[3] Plaintiffs argue that we should not consider HUD's prior regulations because those arguments were not raised before the district court.  <u>See</u> <u>BUC Int'l Corp. v. Int'l Yacht Council Ltd.</u>, 489 F.3d 1129, 1140 (11th Cir. 2007) (noting that this court does not consider issues raised for the first time on appeal in a civil case).  Although new claims or issues may not be raised, new *arguments* relating to preserved claims may be reviewed on appeal.  <u>Yee v. City of Escondido</u>, 503 U.S. 519, 534 (1992) ("Once a federal claim is properly presented, a party can make any argument in support of that claim; parties are not limited to the precise arguments they made below.")  Pukka raised the question of HUD's interpretation of these ILSA provisions before the district court, and thus references to legislative history and prior regulations not presented below are more accurately characterized as new arguments, rather than new issues.

12

then is whether deletion of these regulations deprives them of all deference, or whether they still retain a role in our analysis.[4]

However, we need not reach the issue of whether to accord <u>Chevron</u> deference to HUD's prior ILSA regulations because even if the prior regulations were not entitled to <u>Chevron</u> deference, other evidence of the agency's interpretation is entitled to substantial deference under <u>Skidmore v. Swift & Co.</u>, 323 U.S. 134, 140 (1944); <u>see</u> <u>Buckner v. Florida Habilitation Network, Inc.</u>, 489 F.3d 1151, 1155 (11th Cir. 2007). "Under <u>Skidmore</u>, an agency's interpretation may merit some deference depending upon the 'thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control.'" <u>Buckner</u>, 489 F.3d at 1155 (quoting <u>Skidmore</u>, 323 U.S. at 140). The letter from HUD's director of RESPA and Interstate Land Sales stated her opinion that "[t]he requirements of . . . § 1703(d) do not apply to the sale or lease of lots that are exempt under the 100 lots provision of 15 U.S.C. §

---

[4] Furthermore, HUD's regulation was deleted in 1996 "[i]n an effort to comply with the President's regulatory reform initiatives." 61 Fed. Reg. 13,596 (March 27, 1996). HUD removed § 1715.4 from the regulations in order to "streamline the Interstate Land Sales Registration Program regulations by eliminating provisions that are repetitive of statutes or are otherwise unnecessary." <u>Id.</u> Evidently, HUD did not delete the regulatory guidance on this issue because it no longer agreed with the statutory interpretation advanced; rather, HUD felt the statute already made it clear that lots exempt under § 1702(b) were exempt from § 1703(d) and that regulations stating so were not necessary.

1702(b)(1) (or any other exemption of § 1702)." This brief letter does not provide enough detail for this court to evaluate the thoroughness of HUD's reasoning. The stated opinion is, however, "consistent with earlier and later pronouncements" by HUD on this issue in the prior regulations that existed from 1980 until 1996. See 45 Fed. Reg. 40, 497 (June 13, 1980) (adopting the now deleted regulations discussed above). In addition, the United States' *amicus* brief also represents HUD's interpretation of the ILSA warranting Skidmore deference. See Auer v. Robbins, 519 U.S. 452, 462 (1997) (affording deference to an agency's interpretation of its regulations even when that interpretation was first expressed in an *amicus* brief to the Court). The brief is thoroughly reasoned and demonstrates a high level of consideration given to the issue; the brief thoroughly and rationally analyzes the statute, the legislative history, and the policy implications of the statutory interpretation. And the opinion set forth in the brief is consistent with the position HUD has always held on the meaning of "not exempt under section 1702" in § 1703(d). We thus owe Skidmore deference to the *amicus* brief.

Under Skidmore, we defer to HUD's longstanding opinion that the phrase "not exempt under section 1702" found in § 1703(d) means that if the sale or lease of a lot is exempt from *any* ILSA provision under § 1702, then it is also exempt

14

from the right of revocation granted in § 1703(d).  In accordance with this reading of the ILSA, Plaintiffs did not have a right to revoke their contracts to purchase condominiums developed by Pukka, and summary judgment in their favor in this contract rescission action was improper.  Additionally, Pukka was entitled to entry of summary judgment in its favor, and the denial of its motion for summary judgment was improper.

## CONCLUSION

For the foregoing reasons, we **REVERSE** the district court and remand for proceedings consistent with this opinion.