[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2009
THOMAS K. KAHN
CLERK

No. 08-14115
_____

D. C. Docket No. 07-80269-CV-DTKH

GLEN TROTTA,

Plaintiff-Appellee
Cross-Appellant,

versus

LIGHTHOUSE POINT LAND COMPANY, LLC,
a Florida Limited Liability Company,
TOLL BROTHERS, INC.,
TOLL BROTHERS, INC., A DELAWARE CORPORATION,

Defendants-Appellants
Cross-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(March 16, 2009)

Before BARKETT and FAY, Circuit Judges, and TRAGER,* District Judge.

_____
     * Honorable David G. Trager, United States District Judge for the Eastern District of
New York, sitting by designation.

PER CURIAM:

Lighthouse Point Land Company, LLC ("Lighthouse") and its parent company Toll Brothers, Inc. ("Toll Brothers") (collectively "Lighthouse") appeal an adverse summary judgment in favor of Glen Trotta on his claim for rescission of his contract to purchase a lot from Lighthouse in the Beach Front at Singer Island Condominiums ("Beach Front") development. The summary judgment was based on the district court's conclusion that Lighthouse had violated the contractual disclosure requirements of the Interstate Land Sales Full Disclosure Act ("ILSA"), 15 U.S.C. § 1703(d), as well as the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.204, and therefore, pursuant to § 1703(d), Trotta was entitled to rescind the contract.[1]

Lighthouse argues on appeal that it is exempt from the § 1703(d) disclosure requirements by 15 U.S.C. §1702(b)(1), which provides various exemptions to developments containing less than one hundred lots, and by §1703(d) itself, which applies only to land sale or lease contracts "not exempt under section 1702." Our

_____

[1] We review de novo a district court's grant of summary judgment, applying the same legal standards as the district court. See Whatley v. CNA Ins. Cos., 189 F.3d 1310, 1313 (11th Cir. 1999). Summary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment. Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (internal marks and citations omitted).

2

very recent precedent agrees with Lighthouse's position and we must, thus, reverse on this issue. In Pugliese v. Pukka Dev., Inc., 550 F.3d 1299 (11th Cir. 2008), this Court specifically held that, in deference to a longstanding opinion of the U.S. Department of Housing and Urban Development, "if the sale or lease of a lot is exempt from *any* ILSA provision under § 1702, then it is also exempt from the right of revocation granted in § 1703(d)." Id. at 1306 (emphasis in original). We therefore reverse the district court's grant of summary judgment to Trotta and hold that Lighthouse is exempt from § 1703(d).

Likewise, we must reverse the district court's holding that Lighthouse violated FDUTPA, because the district court based that holding solely on its earlier determination that Lighthouse had violated the ILSA. Trotta has pled no additional facts that would support an independent finding that FDUTPA had been violated.[2]

Accordingly, we REVERSE the judgment of the district court and REMAND for entry of judgment for Lighthouse.

---

[2] Trotta has cross appealed, arguing that he should have prevailed on another ground, to wit, that Beach Front actually contained more than one hundred lots and, therefore, Lighthouse would not be entitled to any ILSA exemption. We find no merit in this argument.