[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14644
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:07-cr-20549-MGC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ANTIOWAN WIWO,

Defendant-Appellee.

_____

No. 11-14645
Non-Argument Calendar
_____

D.C. Docket Nos. 1:09-cv-20785-MGC ; 1:07-cr-20549-MGC-1

ANTIOWAN WIWO,

Petitioner-Appellee,

versus

UNITED STATES OF AMERICA,

Respondent-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(June 5, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

The district court granted Antiowan Wiwo's motion to vacate under 28

U.S.C. §§ 2241 & 2255, resentenced Wiwo to a shorter term of imprisonment, and

entered an amended judgment. The Government appeals, claiming that Wiwo

procedurally defaulted his claim. We agree. We vacate both orders and remand to

the district court with instructions to reinstate Wiwo's original sentence.

I.

In 2007, Wiwo pleaded guilty to being a felon in possession of a firearm.

The district court sentenced him to serve 84 months' imprisonment, followed by 2

years of supervised release. Wiwo did not appeal. In 2009, Wiwo filed a § 2255

motion to vacate his sentence, relying on both *Begay v. United States*, 553 U.S.

137 (2008), and *United States v. Archer*, 531 F.3d 1347 (11th Cir. 2008) to argue

that his sentence was illegal. The district court, citing *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999), granted relief and resentenced Wiwo to a term of 58 months' imprisonment and 2 years of supervised release.

The parties agree on appeal that the district court erroneously applied *Wofford*, *see Gilbert v. United States*, 640 F.3d 1293, 1319-23 (11th Cir. 2011), that Wiwo procedurally defaulted his claim by failing to file a direct appeal, and that our precedent precludes Wiwo from overcoming this procedural default. *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011), *pet. for cert. filed* (Apr 23, 2012) (U.S. No. 11-9985). Nevertheless, Wiwo urges us to affirm the district court's erroneous order.

## II.

Generally, we review a § 2255 proceeding under a mixed standard, reviewing factual findings for clear error and legal issues de novo. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). However, Wiwo claims we are entirely precluded from reviewing the district court's error because the Government invited that error. Alternatively, Wiwo claims a plain error standard should apply because the Government waived the procedural default claim by failing to "object" that Wiwo was not actually innocent.

A party may not challenge as error a ruling invited by that party. *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006). "The doctrine of invited error is implicated when a party induces or invites the district court into making an error." *United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998) (quotation omitted). Invited error most frequently occurs when a party introduces otherwise inadmissible evidence at trial or submits incorrect jury instructions with which the court charges the jury. *Id.* When a party's words or actions expressly accept the position challenged on appeal, that party invited the error. *See United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005).

The Government never accepted the district court's erroneous legal position. In fact, the Government consistently claimed Wiwo procedurally defaulted his claim. The Government did not propose, accept, or adopt the erroneous legal conclusion reached by the district court. The invited error doctrine is inapposite to this case.

Wiwo describes the Government's argument in favor of procedural default as a new "objection" that should have been raised before the district court, and insists plain-error review is appropriate. Although a party may waive an objection in district court by not clearly articulating it, *see United States v. Zinn*, 321 F.3d 1084, 1087-88 (11th Cir. 2003), once a <u>claim</u> has been properly raised, any

4

argument may be advanced in support of that claim on appeal. *Pugliese v. Pukka Dev., Inc.*, 550 F.3d 1299, 1304 n.3 (11th Cir. 2008). The Government has consistently claimed procedural default precludes Wiwo's requested relief. We therefore reject Wiwo's proposed plain-error standard, and review the district court's legal conclusions de novo.

Wiwo confesses the district court committed legal error, and concedes his claim is procedurally defaulted. Our precedent dictates the same result. *See McKay*, 657 F.3d at 1996; *Gilbert*, 640 F.3d at 1319-23. We vacate the district court's order and its amended judgment, and remand to the district court with instructions to reinstate the original sentence.

**VACATED AND REMANDED.**