[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13094
Non-Argument Calendar

_____

D.C. Docket No. 5:18-cv-01358-LCB

WENDELL DWAYNE O'NEAL,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
SECRETARY OF EDUCATION,
FEDLOAN INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 4, 2020)

Before WILSON, JILL PRYOR and LUCK, Circuit Judges.

PER CURIAM:

Wendell Dwayne O'Neal appeals the district court's dismissal of his claims against FedLoan, Inc. and its grant of summary judgment in favor of the United States and the Secretary of the Department of Education.  He argues that the district court erred by: (1) dismissing his claims against FedLoan based on res judicata and collateral estoppel; (2) denying him leave to amend his complaint; (3) refusing to recuse itself for bias; (4) finding that the Secretary properly referred his student loan for collection; and (5) denying his motion to enforce a subpoena against FedLoan.  But O'Neal's dispute is moot because, while the suit was pending before the district court, the government discharged his student loan.  Therefore, we dismiss the appeal against FedLoan, vacate the district court's orders and remand with instructions to dismiss for lack of subject matter jurisdiction.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case started because the government attempted to collect on one of O'Neal's student loans.  In July 2018, the government sent O'Neal a notice that it was referring his loan for collection through the Treasury Offset Program.  In response, O'Neal submitted an administrative request objecting to the government's collection efforts because: he had already paid back the loan; he had discharged the loan in bankruptcy; he had a permanent disability; he believed the debt was not enforceable; and, at the time the loan was made, he had a condition which prevented him from practicing the relevant occupation.  The government denied his request

2

and informed him that he would need to provide evidence of a permanent disability to discharge the loan. O'Neal submitted the additional disability paperwork.

While the administrative process was ongoing, O'Neal filed this lawsuit against FedLoan and the government, alleging that they violated his due process and equal protection rights by referring the approximately $2,000 loan for collection and by improperly retaining educational loan funds that should have been disbursed to him. He claimed that the defendants "falsely certified" the loan for collection because it was discharged in bankruptcy and that he had an agreement with his educational institution that he would receive the full amount of his educational loans despite withdrawing from his program before completion. As a remedy, he requested an "equitable order" reversing the government's decision to refer his debt for collection and the "remittance" of funds from student loans that he had not received.

On December 20, 2018, the district court granted FedLoan's motion to dismiss based on collateral estoppel and res judicata. The government then filed a motion for summary judgment. But while the summary judgment motion was pending, the government agreed with O'Neal's administrative request and discharged the loan at issue because of permanent disability. That discharge "cancel[led] [O'Neal's] obligation to repay the loan." The government also agreed to report the discharge to national consumer reporting agencies. The discharge

3

notice informed O'Neal that "[a]lthough your loan . . . obligation has now been discharged, you are subject to a 3-year post-discharge monitoring period." If, during those three years, O'Neal was no longer permanently disabled, the government would reinstate the discharged loan. On July 9, 2019, O'Neal filed a notice with the district court attaching the letter showing the discharge of his loan. He argued that his lawsuit was not moot because the discharge did not affect his claims that the government "falsely certified" his loan for collection and because he was subject to the three-year monitoring period.

On July 18, 2019, the district court granted summary judgment for the government. It acknowledged that the government had discharged O'Neal's loan, but the court went on to analyze the merits of the dispute. The district court found that O'Neal had offered no evidence that showed the government's action was arbitrary or capricious under the Administrative Procedure Act. O'Neal now appeals.

## STANDARD OF REVIEW

Mootness is a question of law, which we review de novo. Hall v. Sec'y, Ala., 902 F.3d 1294, 1297 (11th Cir. 2018). We review de novo a district court's order on a motion to dismiss, Shields v. Bellsouth Advert. & Publ'g Co., 228 F.3d 1284, 1288 (11th Cir. 2000), and for summary judgment, Buckner v. Fla. Habilitation Network, Inc., 489 F.3d 1151, 1154 (11th Cir. 2007).

4

## DISCUSSION

The government argues that O'Neal's case is moot because it discharged the student loan debt. Article III of the Constitution limits federal courts to deciding "Cases" and "Controversies." U.S. Const. art. III, § 2. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Atheists of Fla., Inc. v. City of Lakeland, 713 F.3d 577, 593–94 (11th Cir. 2013). Because mootness is a jurisdictional requirement, a federal court must dismiss a moot case. Sierra Club v. U.S. E.P.A., 315 F.3d 1295, 1299 (11th Cir. 2002). In considering whether a case is moot, we "look at the events at the present time, not at the time the complaint was filed or when the federal order on review was issued." Dow Jones & Co. v. Kaye, 256 F.3d 1251, 1254 (11th Cir. 2001). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give meaningful relief, then the case is moot and must be dismissed." Sierra Club, 315 F.3d at 1299.

Here, we have no ability to give meaningful relief. O'Neal seeks an order setting aside the government's action to refer his loan for collection. But the government's discharge "cancel[led]" and "discharged" the debt. The object of the government's action—the loan—no longer is in collection. Even if we declared the government's action in referring the loan for collection unlawful, nothing would

5

happen.   The loan would remain discharged consistent with the terms in the government's notice.

O'Neal's argument that his case is not moot because he is subject to the three-year monitoring period misses the mark.   That condition does not create a live controversy because O'Neal seeks relief not from the terms of the discharge of his loan, but from the government's decision to refer it for collection.   And that no longer is a live controversy because the loan is not in collection.   The condition on the discharge due to permanent disability has no bearing on the question of whether the government lawfully referred the loan for collection.   Any injury caused by that condition is not at issue in the present dispute.

Further, the voluntary cessation exception to mootness does not apply here even though the government voluntarily stopped its collection efforts.   "Pursuant to that exception, a defendant's voluntary cessation of allegedly illegal conduct does not moot a case."   Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1267 (11th Cir. 2020) (internal quotation marks omitted).   But "there is an important exception to this important exception."   Troiano v. Supervisor of Elections in Palm Beach Cty., 382 F.3d 1276, 1283 (11th Cir. 2004).   Voluntarily ceased conduct will "moot a claim when there is no reasonable expectation that the accused litigant will resume the conduct after the lawsuit is dismissed."   Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga., 633 F.3d 1297, 1309 (11th Cir. 2011) (internal

6

quotation marks omitted). "Moreover, when the defendant is not a private citizen but a government actor, there is a rebuttable presumption that the objectionable behavior will not recur." Troiano, 382 F.3d at 1283. To take advantage of this presumption, however, the government must "show[] unambiguous termination of the complained of activity." Doe v. Wooten, 747 F.3d 1317, 1322 (11th Cir. 2014). To conduct the voluntary cessation analysis, we consider three factors: "(1) whether the termination of the offending conduct was unambiguous; (2) whether the change in government . . . conduct appears to be the result of substantial deliberation, or is simply an attempt to manipulate jurisdiction; and (3) whether the government has consistently . . . adhered to a new course of conduct." Id. at 1323 (internal quotation marks omitted); see also Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs, 868 F.3d 1248, 1257 (11th Cir. 2017) (en banc) (applying the same factors).

Here, the termination of the conduct was unambiguous. The government stopped its attempts to collect on O'Neal's debt and, in fact, discharged the debt. Thus, the government is entitled to the rebuttable presumption, which no evidence rebuts. There is no indication the government attempted to manipulate jurisdiction. At first, it denied O'Neal's request based on lack of evidence, but later granted it when he submitted the appropriate documentation. Further, the government did not even argue before the district court that its action made O'Neal's suit moot. Finally,

7

there is no indication that the government has attempted to reinstate the loan and collect on it. We see no reasonable likelihood that the government will attempt to collect on the debt after the end of this lawsuit.

Because this dispute is moot, we have no jurisdiction to consider the merits of O'Neal's appeal. But the timing of mootness here is important. The case became moot when the government discharged O'Neal's debt, which occurred before the district court's order on summary judgment. See Beta Upsilon Chi Upsilon Chapter at the Univ. of Fla. v. Machen, 586 F.3d 908, 916 (11th Cir. 2009) ("[D]ismissal is compulsory as federal subject matter jurisdiction vanishes at the instant the case is mooted."). The district court thus was without jurisdiction to grant summary judgment to the government and should have dismissed the case. When we determine that neither we nor the district court have jurisdiction because of mootness, we vacate the district court's decision and remand with instructions to dismiss for lack of jurisdiction. See Hall, 902 F.3d at 1307. Therefore, we vacate the district court's summary judgment and remand with instructions to dismiss.

A similar rule applies to the district court's dismissal of FedLoan. "When a case has become moot, we do not consider the merits presented, but instead vacate the judgments below with directions to dismiss even if a controversy did exist at the time the district court rendered its decision." Coal. for the Abolition of Marijuana Prevention v. City of Atlanta, 219 F.3d 1301, 1309–10 (11th Cir. 2000)

8

(citing United States v. Munsingwear, Inc., 340 U.S. 36, 39–40 (1950)); see also In re Ghandtchi, 705 F.2d 1315, 1316 (11th Cir. 1983) ("Where a case becomes moot after the district court enters judgment but before the appellate court has issued a decision, the appellate court must dismiss the appeal, vacate the district court's judgment, and remand with instructions to dismiss the case as moot.").  Therefore, we dismiss O'Neal's appeal as to FedLoan, vacate the district court's dismissal order on the basis of collateral estoppel and res judicata, and remand with instructions to dismiss the entire dispute as moot.

**APPEAL DISMISSED; JUDGMENT VACATED AND REMANDED with instructions.**